United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40897
Conference Calendar

_____

JOHN C. SPURLOCK,

                                        Plaintiff-Appellant,

versus

WAYNE SCOTT, sued in their individual capacities and
official capacities; ARTHUR H. VELASQUEZ, sued in their
individual capacities and official capacities; BRENDA
CHANEY, sued in their individual capacities and official
capacities; AMADO IGLESIAS, sued in their individual
capacities and official capacities; JAMES C. SCHROEDTER,
sued in their individual capacities and official capacities;
FLOYD LANGE, sued in their individual capacities and
official capacities; RANDY E. SMIDT, sued in their
individual capacities and official capacities; MICHAEL K.
LOTT, sued in their individual capacities and official
capacities; PATRICK A. PATEK, sued in their individual
capacities and official capacities; GLEN A YOUNG, sued in
their individual capacities and official capacities; FRANK
RODRIQUEZ, sued in their individual capacities and official
capacities; DEBORAH G. VILLARREAL, sued in their individual
capacities and official capacities,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. V-00-CV-67
-------------------

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM:*

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

John Spurlock, Texas prisoner # 741571, moves for leave to proceed in forma pauperis ("IFP") following the district court's dismissal of his 42 U.S.C. § 1983 civil rights complaint as frivolous pursuant to 28 U.S.C. § 1915(e). Spurlock's motion is a challenge to the district court's certification that his appeal is not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

Spurlock argues that the district court lacked jurisdiction to consider various orders and should have granted a stay pending a ruling in the appellate court on his writ of mandamus, that the district court denied his request for IFP in retaliation for the mandamus action, and that the district court should have recused itself from considering Spurlock's IFP motion.

Spurlock has filed a motion for leave to supplement his brief. His motion is GRANTED. Spurlock has not shown that the district court erred in certifying that the appeal is not taken in good faith. He has not shown that he will present a nonfrivolous issue on appeal. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, the motion for leave to proceed IFP is DENIED and the appeal is DISMISSED as frivolous. Baugh, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

Spurlock is CAUTIONED that the dismissal of this appeal and the district court's dismissal count as two "strikes" for purposes of 28 U.S.C. § 1915(g) and that if he accumulates three strikes, he will not be able to proceed IFP in any civil action

or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).

MOTION TO SUPPLEMENT GRANTED; IFP MOTION DENIED; APPEAL DISMISSED; SANCTIONS WARNING ISSUED.